**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TAOS COUNTY MAGISTRATE COURT**,

Plaintiff,

v. Criminal No. 14-4345 MCA

**RICHARD S. CURRIER**,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court *sua sponte*. Having considered the Defendant's Notice of Removal, the relevant case law, and otherwise being fully advised in the premises, the Court will summarily remand this case back to the Taos County Magistrate Court.

## I. BACKGROUND

On December 4, 2014, Defendant Richard S. Currier was arraigned in Taos County Magistrate Court in Taos, New Mexico, on the following state criminal charges: (1) one count of Resisting, Evading or Obstructing an Officer in violation of NMSA 1978, § 30-22-1(D); (2) one count of Disorderly Conduct in violation of NMSA 1978, § 30-20-1; and (3) five counts of Assault in violation of NMSA 1978, § 30-3-1(B). [Doc. 1-2 at 4] On December 30, 2014, Defendant removed his criminal case "to the Federal

Court pursuant to U.S. Code Title 28, Section 1455 and pursuant to the blatant disregard by the City of Taos, New Mexico to enforce and recognize disability laws." [Doc. 1 at 2] Although Defendant was represented by counsel in Taos County Magistrate Court, he is proceeding *pro se* before this Court.

## II. STANDARDS

"Removal statutes are to be strictly construed . . . and all doubts are to be resolved against removal." Fajen v. Foundation Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted). Pursuant to 28 U.S.C. § 1455, the following procedures govern the removal of state criminal actions to Federal Court:

> (a) Notice of removal.--A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements.--(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

> (3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.
>
> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.
>
> (5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.
>
> (c) Writ of habeas corpus.--If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into the marshal's custody and deliver a copy of the writ to the clerk of such State court.

28 U.S.C. § 1455.

Although neither the Tenth Circuit Court of Appeals nor the District Court for the District of New Mexico have had an opportunity to construe § 1455, "other courts have concluded that the statute is purely procedural, and provides no substantive requirements for removal." Louisiana v. Hunter, Civil Action No. 14-931, 2014 WL 7139463, *5 (E.D. La. December 15, 2014) (citing cases). Pursuant to 28 U.S.C. § 1442 a "criminal prosecution commenced in a State court against any of the following" may be removed to Federal Court:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;
>
> (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

28 U.S.C. § 1442(a)(1)-(4). Additionally, a criminal prosecution "against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war" may be removed to Federal Court. 28 U.S.C. § 1442a. Lastly, pursuant to 28 U.S.C. § 1443, a criminal prosecution may be removed to Federal Court if it is commenced:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Because Defendant is proceeding *pro se*, the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. However, it is not the "the proper function of the district court to assume the role of advocate for the pro se litigant." Id. "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

## III. DISCUSSION

Pursuant to § 1455(b)(4), this Court must promptly examine Defendant's Notice of Removal and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." § 1455(b)(4). There is no indication in the Notice of Removal that Defendant is an officer of the United States, a property holder whose title is derived from any such officer, an officer of the Courts of the United States, an officer of the House of Congress, or a member of the armed forces. Accordingly, Defendant's criminal case is not removable under §§ 1442 and 1442a.

Turning to § 1443, the Court notes that subsection (2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them

in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966); see also Miller v. Lambeth, 443 F.3d 757, 761 (10th Cir. 2006) (holding that § 1443(2) was "clearly inapplicable" because the defendant did not contend that "he has been a federal officer or agent, nor that he has been acting with or for one"). Because Defendant has not alleged that he either was, or was acting with or for, a federal officer or agent executing his duties under any federal civil rights laws, the Court concludes that § 1443(2) is inapplicable to the present case.

With respect to subsection (1) of § 1443, the United States Supreme Court has established a two-part test:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' Georgia v. Rachel, supra, 384 U.S., at 792, 86 S.Ct., at 1790. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of s 1443(1). City of Greenwood v. Peacock, supra, 384 U.S., at 825, 86 S.Ct., at 1811.
>
> Second, it must appear, in accordance with the provisions of s 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' Georgia v. Rachel, supra, 384 U.S., at 803, 86 S.Ct., at 1796, such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." Id., at 799,

> 86 S.Ct., at 1794. Except in the unusual case where 'an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court,' id., at 804, 86 S.Ct., at 1796, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. Under s 1443(1) . . .

Johnson v. Mississippi, 421 U.S. 213, 219-20 (1975).

In the Notice of Removal, Defendant alleges that his arrest and prosecution violate federal disability laws, is a cover up for prior harassment, is intended to "commandeer his California disability check," and is part of a pattern and practice of "collusion, abuse of power, abuse of legal process, false arrest collusion, and conspiracy against rights under color of law." [Doc. 1 at 6] Notably, Defendant does not allege that he was deprived of a right "under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Id. Accordingly, removal is improper under § 1443(1). See People of State of Colo. v. Lopez, 919 F.2d 131, 132 (10th Cir. 1990) (holding that the defendant had "failed to satisfy the requirements for removal under section 1443" because he had failed to allege the violation of a any "rights arising 'under any law providing for the equal civil rights' of United States citizens").

## IV. CONCLUSION

Because it "clearly appears on the face of the notice and [the] exhibits annexed thereto that removal should not be permitted," § 1455(b)(4), the Court will summarily remand this case back to the Taos County Magistrate Court.

**IT IS THEREFORE ORDERED** that this case is **REMANDED** back to the Taos County Magistrate Court.

**SO ORDERED** this 6th day of January, 2015, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
Chief United States District Judge