IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TAOS COUNTY MAGISTRATE COURT,

        Plaintiff

vs.                                                No. **14-CR-4345MCA**

RICHARD S. CURRIER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Alter or Amend a Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [Doc. 5] filed on January 14, 2015. Having considered the Defendant's submissions, the relevant law, and otherwise being fully advised of the premises, the Court DENIES Defendant's motion.

### I.   BACKGROUND

#### a. Mr. Currier's State Case and Pending Motions with This Court

On December 4, 2014, Defendant Richard S. Currier was arraigned in Taos County Magistrate Court in Taos, New Mexico, on the following state criminal charges: (1) one count of Resisting, Evading or Obstructing an Officer in violation of NMSA 1978, § 30-22-1(D); (2) one count of Disorderly Conduct in violation of Section 30-20-1; and (3) five counts of Assault in violation of Section 30-3-1(B). [Doc 1-2 at 4; Doc. 5-1 at 11] The five assault charges were dismissed by the prosecutor on January 20, 2015. Mr. Currier is scheduled to be tried on the remaining counts on June 3, 2015. *See* https://caselookup.nmcourts.gov, Case No. M-53-MR-201400628.

On December 30, 2014, Defendant filed a *pro se* notice of removal seeking to remove his state criminal case to Federal Court pursuant to 28 U.S.C. § 1455. [Doc. 1] Section 1455(b)(4) requires that the "district court in which such notice is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that the removal should not be permitted, the court shall make an order for summary remand."  This Court promptly considered whether removal was proper pursuant to § 1455 and related removal statutes 28 U.S.C. § 1442 and 28 U.S.C. § 1443. [Doc. 3]

Because § 1455 is a statute governing the procedure of removal, this Court turned to § 1442 and § 1443 to evaluate whether Defendant's criminal case fell within the categories of cases Congress allowed to be removed.  After examining the allegations in Defendant's Notice of Removal and the relevant law, this Court concluded that removal was not permitted.  [Doc. 3 at 7]  Accordingly, on January 6, 2015, pursuant to § 1455(b)(4),  this Court entered an Order summarily remanding Defendant's criminal case to Taos County Magistrate Court.  [Doc. 3 at 7]

On January 14, 2015, Defendant filed his *pro se* "Motion to Alter or Amend a Judgment," which is alternatively titled "Notice and Motion to Remove . . . pursuant to 28 USC § 1443 – Civil Rights Case." [Doc. 5] This motion is before the Court, as is Defendant's "Motion for Emergency Setting . . . for Emergency Ruling" on the "Motion to Alter or Amend." [Doc. 6]  Defendant's "Motion for Emergency Setting" was filed on April 2, 2015. [Doc. 6]

Defendant raises many issues in his Motion to Alter or Amend. His primary concern is with the Court's analysis under 28 U.S.C. § 1443. He contends that the Court erred in concluding that for removal to be permitted under §1443, the Defendant must allege that he was deprived of a right under a federal law providing for specific civil rights stated in terms of racial equality. [Doc. 5 at 21; Doc. 3 at 6-7] He points to the plain language of §1443, which protects the "equal civil rights of citizens." 28 U.S.C. § 1443(1). [Doc. 5 at 20] Defendant distinguishes his case from cases requiring defendants to allege the violation of a right in terms of racial equality. [Doc. 5 at 21, 25] Those cases, he argues, dealt with the Civil Rights Act of 1964. [Doc. 5 at 21] Defendant, however, points to the American's With Disabilities Act (ADA). [Doc. 5 at 21] He argues that the ADA is a law that "provide[s] for 'equal civil rights' and disability rights are considered 'civil rights.'" [Doc. 5 at 22] Defendant moves for reconsideration because, like racial discrimination is a civil rights issue, " 'disability rights' is also an 'equal civil rights' issue. . . not to be excluded from consideration for removal under 1455 or 1443." [Doc. 5 at 28]

### b. Mr. Currier's Notice of Appeal

On May 11, 2015, Mr. Currier, appearing *pro se*, submitted to the Office of the Clerk of Court a document entitled Notice of Appeal, therein addressing, among other things, that the Court had yet to address his Motion to Alter or Amend [Doc. 5]. [Doc. 8] He also sought an enlargement of time in which to file an appeal, if need be, and a stay of his state court proceedings. Contemporaneous with Mr. Currier's filing if his Notice of

Appeal, this Court was in the process of entering and filing this Memorandum Opinion and Order which addresses matters raised in Mr. Currier's Motions. [Docs. 5 and 6]

This Court believes that Mr. Currier's Notice of Appeal is premature.  Usually, the filing of a notice of appeal will divest the district court of jurisdiction.  *Warren v. American Bankers Ins. of Florida*, 507 F.3d 1239, 1242 (10th Cir. 2007).  However, Federal Rule of Appellate Procedure 4(A)(iv) describes the effect of a Rule 59 motion on a notice of appeal.[1]  Where a Rule 59 motion to alter or amend has been filed, the time to file a notice of appeal runs from the entry of the order disposing of the motion.  Fed.R.App.P. 4(A)(iv); *Warren*, 507 F.3d at 1244-45.  "[A] notice of appeal filed while a Rule 59(e) motion is still pending ripens into an effective notice of appeal once the district court has ruled on the pending motion."  *Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 n. 2 (10th Cir. 1995).  The district court retains jurisdiction to resolve the Rule 59(e) motion.  *Warren*, 507 F.3d at 1245 (holding district court retained jurisdiction where filing of timely Rule 59(e) motion suspended plaintiff's premature notice of appeal).

II.   <u>STANDARD</u>

In his Motion to Alter or Amend, Defendant asks this Court to reconsider its summary remand of his state court criminal case.  *See* [Doc. 5 at 4, 28]  In both criminal

---

[1] 28 U.S.C.§ 1455 is the statute governing the procedure for the removal of a criminal case.  Section 1455(a) requires a party seeking removal to comply with Rule 11 of the Federal Rules of Civil Procedure. Because a party seeking removal must comply with Rule 11, we analyze Mr. Currier's petition for removal under the Rules of Civil Procedure.  The Court, however, is aware that the Clerk of Court docketed this case as a criminal case.

and civil matters, "[a] motion for reconsideration may be granted when the court has misapprehended the facts, a party's position, or the law. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error and manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012.

### III.  ANALYSIS

#### a.  Removal of Defendant's criminal case is not permitted under § 1443

Defendant does not argue that there has been an intervening change in the controlling law, nor does he provide new evidence that was not previously available. Defendant argues that this Court misapprehended the law. [Doc. 5 at 17-29]  He contends that the Court committed error in concluding that removal under § 1443 was not permitted because Defendant did not allege that he was deprived of a right under a federal law that provided for specific civil rights in terms of racial equality. [Doc. 5 at 20] He argues that there is no language regarding "racial equality" in § 1443, and its plain language allows removal when a person is denied equal civil rights protected by a federal statute. [Doc. 5 at 20-21]  Defendant points to the ADA as the federal statute protecting his rights and alleges that his arrest stemmed from a violation of this law. [Doc. 5 at 2, 21-22]

Defendant is correct that § 1443 does not contain language requiring that a defendant removing a case to federal court allege that there has been a violation of a

statutory right protecting racial equality. However, the Court cannot look to the plain language of § 1443 alone where the Supreme Court has narrowly construed the Civil Rights Removal Statute at hand. In *Georgia v. Rachel*, the Court delineated the scope of § 1443(1). *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783 (1966). Specifically, it interpreted the meaning of the phrase "any law providing for . . . equal civil rights." *Id.* at 788-92, 86 S.Ct. at 1788-90. After examining the statute's legislative history dating back to 1866, the Court concluded that "that the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific rights in terms of racial equality." *Id.* at 792, 86 S.Ct. at 1790.

Following *Rachel*, *Johnson v. Mississippi*, articulated the two part test that a defendant seeking removal must satisfy to be successful. *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595 (1975); *Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006). The first prong requires that "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific rights stated in terms of racial equality." *Johnson*, 421 U.S. at 219, 95 S.Ct. at 1595 (internal quotation marks and citation omitted). Under the first prong, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability *or under statutes not protecting against racial discrimination*, will not suffice." *Id.* (emphasis added).

Defendant alleges that his arrest and prosecution arise from his actions in defense of his rights as protected by the Americans with Disabilities Act. [Doc. 5 at 2] Defendant does not allege violation of a statute protecting against racial discrimination, thus he

cannot meet the requirements for removal under §1443.  *Johnson*, 421 U.S. at 219, 955 S.Ct. at 1595.  Because Defendant's petition for removal fails the first prong of the *Johnson* test, this Court need not analyze his claim under the second prong.  *Miller*, 443 F.3d at 762. Given the holdings in *Rachel* and *Johnson*, this Court cannot find error in the application of the *Johnson* test to Defendant's petition.  For that reason, Defendant's Motion to Reconsider is denied.

To the extent that Defendant alternatively files his Motion to Reconsider as a new "Notice and Motion to Remove . . . pursuant to 28 U.S.C. § 1443," this Court already considered his claim under § 1443 in its January 6, 2015 Memorandum Opinion and Order. [Doc. 5 at 5-7] "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."  *Christy*, 739 F.3d at 539.  Even if the Court were to consider this as a new petition, as explained above, Defendant has not made additional allegations here that would bring his petition within the type of cases which § 1443 permits to be removed.

### b. Defendant filed a petition to remove his criminal case from state court and has not filed a separate civil action.

To the extent that Defendant appears to include civil claims against Taos authorities in his Motion for Reconsideration, any claim stemming from the alleged violation of Defendant's rights must be properly pled and brought in a separate civil action.

## IV.     CONCLUSION

Defendant's Motion for Reconsideration does not show, nor does subsequent research reveal, that this Court misapprehended § 1443's requirement that a defendant removing his criminal case from state court must allege the violation of a federal law providing for specific rights stated in terms of racial equality.  It does not meet another standard upon which to grant reconsideration.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration is **DENIED.**  The denial of Defendant's motion renders Defendant's Emergency Motion [Doc. 6] moot.

**SO ORDERED** this 12th day of May, 2015, in Albuquerque, New Mexico

_____
**M. CHRISTINA ARMIJO**
Chief United States District Court Judge